

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2002 FEB 20  A 11: 23

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| ABBOTT LABORATORIES,<br><br>    Plaintiff,<br><br>v.<br><br>INVERNESS MEDICAL TECHNOLOGY, INC., and PRINCETON BIOMEDITECH CORPORATION,<br><br>    Defendants. | Civil Action No. 98CV10674-GAO |

## MEMORANDUM OF LAW IN SUPPORT OF ABBOTT LABORATORIES' MOTION FOR LEAVE TO SUPPLEMENT ITS COMPLAINT

Plaintiff Abbott Laboratories respectfully requests leave to supplement its complaint to include additional claims predicated on a patent issued after this action was instituted. Leave to supplement in this instance falls within the parameters of Federal Rule of Civil Procedure 15(d), and the addition of these claims will not prejudice the defendants or unduly delay the disposition of this case.

### SUMMARY OF THE NEW CLAIMS

To its initial claims brought under the '162 and '484 patents, Abbott seeks to add claims for injunctive relief and damages for infringement of United States Patent No. 6,020,147 (the "'147 patent"). *See* proposed Amended Complaint, attached to the motion as **Exhibit A**. The '147 patent did not exist when Abbott first brought suit against defendants. The new patent issued on February 1, 2000, while this case experienced a *de facto* stay occasioned by the pendency of several motions. Notable among these motions was Abbott's motion to disqualify defense counsel due to conflict of

interest, filed in October 1999. Discovery and trial preparation remained on hold until the court ruled on this and other motions only recently, in December 2001.

Abbott's claims under the '147 patent accuse the same pregnancy and other test kits of defendants that are in dispute under the '162 and '484 patents. *See* proposed Amended Complaint, Exhibit A, at ¶¶ 26–30, 38–42. The '147 patent claims additional embodiments of the basic "migration binding banded assay" claimed in those earlier patents. Addition of these claims at this time will not delay the progress of the case. Disposition of claims under the '147 patent with the original claims serves the interest of judicial economy.

The same evidence showing infringement of the current claims-in-suit will prove infringement of these new claims. Moreover, the posture of this case is such that substantial discovery and other pretrial issues have yet to be addressed. No trial has been scheduled. Ample discovery remains. For example, no discovery has yet occurred on the substance of defendants' counterclaims, which pertain to U.S. Patents Nos. 5,559,041 and 5,728,587 (the "Kang patents"). Accordingly, including the '147 patent will not alter the discovery and trial schedule.

## ARGUMENT

Courts should grant leave to supplement a complaint "upon reasonable notice and upon such terms as are just." FED. R. CIV. P. 15(d).[1] "A motion to supplement the pleadings under Rule 15(d) is addressed to [the] sound discretion of the Court, and should be granted when doing so will

---

[1] Because it is based on events that occurred subsequent to the filing of Abbott's complaint, this motion is properly made under Rule 15(d) to supplement the proceedings, rather than under Rule 15(a), which covers amendment. *Strahan v. Linnon*, 967 F. Supp. 581, 590 n.7 (D. Mass. 1997), citing *Structural Sys., Inc. v. Sulfaro*, 692 F. Supp. 34, 36 (D. Mass. 1988).

2

promote the justiciable disposition of the case, will not cause undue prejudice or delay or trial inconvenience and will not prejudice the rights of any parties to the action." *Structural Sys., Inc. v. Sulfaro*, 692 F. Supp. 34, 36 (D. Mass. 1988). Courts read Rule 15(d)'s supplementation provision liberally, and most apply a standard identical to Rule 15(a)'s, by which leave to amend "shall be freely given when justice so requires." *See, e.g., First Savings Bank v. U.S. Bancorp*, 184 F.R.D. 363, 368 (D. Kan. 1998); *Katzman v. Sessions*, 156 F.R.D. 35, 38 (E.D.N.Y. 1994).

Trial courts routinely grant patent owners leave to amend their pleadings to add claims under a newly-issued patent. *See, e.g., Holmes Prods. Corp. v. Catalina Lighting, Inc.*, 67 F. Supp. 2d 10, 11 (D. Mass. 1999) (noting the court's earlier assent to additional claims under a patent issued after the initial complaint); *HK Sys. Inc., v. Rapistan Demag Corp.*, 175 F.R.D. 523, 525 (E.D. Wis. 1997) (granting motion to amend complaint to include claims brought under a newly-issued patent). A case like this one, in which a patent, closely related to those originally in suit, issues after commencement of the action, highlights the value of Rule 15 in promoting judicial economy. *See HK Sys.*, 175 F.R.D. at 525 (granting plaintiff's motion under Rule 15 to add a claim alleging infringement under a newly-issued patent, when the technology involved was closely related to the patent already in suit).

The mandate of the Federal Rules is to provide an expeditious resolution of all claims between parties. 4 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1029; *see also* Fed. R. Civ. P. 18(a) ("A party asserting a claim to relief . . . may join . . . as many claims . . . as the party has against an opposing party."). Rule 15(d)'s mission, complementary to Rule 18's, is to accommodate whenever possible newly-arising causes of action against defendants in open cases. *LaSalvia v. United Dairymen of Arizona*, 804 F.2d 1113, 1119, (9th Cir. 1986), *cert. denied*, 482 U.S.

928 (1987) (reciting that Rule 15(d) means "to promote as complete an adjudication of the dispute between the parties as is possible").

Nothing about this case invites any departure from the routine allowance to patentees of leave to add claims under newly-issued patents. The proposed claims threaten neither undue prejudice to the defendants nor delay in bringing the case to trial. Discovery in this case had been on hold since before Abbott's new infringement claims against Inverness and PBM accrued. Because it would have been imprudent to move forward with these claims while Abbott's disqualification motion was pending, Abbott's decision to hold off its filing of additional claims was wholly appropriate. For more than two years neither party pursued fresh discovery, pending disposition of motions, and the parties will have suffered no diminution of opportunity to prepare their cases due to Abbott's filing this motion now. *See Security Ins. Co. of Hartford v. Kevin Tucker Assocs., Inc.*, 64 F.3d 1001, 1009 (6th Cir. 1995) (excusing a sixteen-month delay in filing a Rule 15 motion on grounds that the case was "dormant" and much of the case was "at its earliest stage of pretrial activity").

Abbott does not spring these new claims on the defendant on the eve of trial. Though some discovery has been completed and this Court has fielded summary judgment motions regarding the '162 and '484 patents, no trial date or discovery deadline has been set. In fact, The parties have not yet conducted any discovery in defense of defendants' infringement counterclaim under the Kang patents, patents that are unrelated to the Abbott patents that have been the subject of much discovery. In view of these circumstances, adding claims under the '147 patent will not prejudice the defendants' ability to defend these additional claims, especially because the newly asserted patent is closely related to those that have already been the focus of discovery. *See id.*

Ultimately, Abbott makes this motion because it is sensible to resolve the new claims alongside its original claims of infringement under the '162 and '484 patents. The same conduct — Inverness and PBM's marketing of pregnancy test kits — is at issue, the same defendants are involved. This case presents precisely the situation that the crafters of the Federal Rules contemplated when they drafted both Rule 18's blanket authorization of joinder of claims between parties and Rule 15(d), the mechanism by which subsequently accrued claims are routinely added to the mix. Accordingly, this court should grant Abbott's motion. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## CONCLUSION

For the foregoing reasons, plaintiff Abbott Laboratories requests that the court grant its motion for leave to supplement its pleadings to add claims under the newly issued '147 patent, and that it adopt the attached proposed Amended Complaint as Abbott's formal pleading in this action.

Boston, Massachusetts
February 20, 2002

Respectfully submitted,
**ABBOTT LABORATORIES**
By its Attorneys,

Lee Carl Bromberg, BBO # 058480
Joel R. Leeman, BBO #292070
Erik P. Belt, BBO # 558620
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110
(617) 443-9292

José E. Rivera, Jr.
Regina M. Anderson
ABBOTT LABORATORIES
One Hundred Abbott Park Road
Abbott Park, Illinois 60064
(847) 937-5208

## CERTIFICATE OF SERVICE

      I certify that, on the above date, a true copy of this document was served by mail on counsel of record for each other party.

*Joel R. Leeman*

01619/00502 186552.1